## BAILEY GAUNCE OIL & REFINING CO., Inc., et al. v. DUNCAN, Postmaster.

### No. 614.

District Court, W. D. Louisiana, Shreveport Division.

Oct. 25, 1934.

Dimick & Hamilton, of Shreveport, La., for complainants.

Philip H. Mecom, U. S. Attorney, of Shreveport, La., for respondent.

DAWKINS, District Judge.

Plaintiffs seek an injunction to prevent the defendant from enforcing a fraud order issued by the Postmaster General against the former's use of the mails. He charges that the order was issued arbitrarily, capriciously, and without lawful evidence to support it. The court declined to issue a restraining order, but directed the postmaster at Shreveport to show cause why the relief asked should not be granted.

Defendant has excepted to the jurisdiction on the ground that the Postmaster General, the real defendant, is not before the court and the postmaster is a mere agent or instrumentality through which the former is acting. Subject to this plea, respondent denies that the order was issued arbitrarily, but, on the contrary, that it was amply supported by the evidence submitted before the Solicitor General.

■ Because of the congested condition of my docket, having been engaged since the first of the month with daily jury trials which will probably last well into November, this memorandum of my views of the matter is handed down, without being able to write an extended opinion. I do not believe the plea to the jurisdiction can be sustained. Numerous other cases have been prosecuted in this identical way, that is, against the local postmaster, who has been ordered to refuse the use of the mails; and, so far as I have been able to find, this is the first time the Postmaster General has seen fit to urge this point. The order or ruling is at least quasi judicial in its nature, required to be made upon evidence "satisfactory" to the Postmaster General, and has the effect of a judgment or decree denying to the citizen a very substantial right and from which there is no appeal except to the courts, as has been done in this instance. The postmaster is the instrumentality for its execution, just as the sheriff is of a court, and no one would contend that the latter officer was not the proper person to enjoin from the execution of a

null judgment instead of the court which had rendered it. Then, too, to say that the citizen, whose rights to use the mail had been taken away,, would have to go to Washington from the distant points at which mail is received and delivered by the United States postmasters, for the purpose of contesting such an order, would be intolerable and could easily deprive him of the right to appeal to the courts at all because of the expense and inconvenience. I therefore conclude that the plea should be overruled.

■ As to the merits, I have carefully read all of the testimony taken before the Solicitor General, and find that there is substantial proof to support his findings. The very first letter, Exhibit 1–a, dated February 7, 1933, is full of half truths as to the Naborton Field. As an illustration, it is represented as:

"Here was the amazing spectacle of a proven gusher field with seven sands, only one of them being developed and that one only partially so. * * * A field where wells come in making thousands of barrels per day: * * * With the operators having deserted it almost overnight * * * for seemingly 'greener pastures' * * * a great field, lying almost idle and dormant * * * throughout the years and finally almost forgotten 'midst the rush and roar of other great fields which succeeded it."

Whereas the field was shown to be producing comparatively little oil at the time Gaunce wrote, although years before it had produced gushers. On examination, it developed that all there was to Gaunce's proposition was that he hoped to find deeper producing sands in this field as had been done elsewhere in the state, particularly in the Pine Island field of Caddo parish. He did not tell his correspondents that this was the main basis of his hope, but told them he had a "sure shot" in "proven territory." I deem it unnecessary to review the mass of circulars and other evidence in the record which tend to support the Solicitor's findings. The courts cannot interfere except in the absence of any substantial evidence to support the order, and the preliminary injunction will be denied.

Proper decree should be presented.